IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-285-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CALVIN MORTIMER BRAME, JR., ) | |
| ) | |
| Defendant. ) | |

On October 18 2010, pursuant to a written plea agreement, Calvin Mortimer Brame, Jr. ("Brame") pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack). See [D.E. 21, 22]. On December 14, 2011, the court held Brame's resentencing hearing. See [D.E. 43, 46]; cf. [D.E. 36]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 51] 3–6; [D.E. 41]; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Brame's total offense level to be 25, his criminal history category to be III, and his advisory guideline range to be 70 to 87 months' imprisonment. See [D.E. 47] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court upwardly varied and sentenced Brame to 120 months' imprisonment. See [D.E. 51] 22–31. On December 20, 2011, Brame appealed. See [D.E. 45]. On December 13, 2012, the United States Court of Appeals for the Fourth Circuit affirmed Brame's sentence. See United States v. Brame, 499 F. App'x 247, 248–49 (4th Cir. 2012) (per curiam) (unpublished).

On July 10, 2015, Brame moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. [D.E. 60]. On October 18, 2016, Brame filed memorandum in support [D.E. 63]. On October 28, 2016, the government responded in opposition [D.E. 65]. On November 9, 2016, Brame replied [D.E. 67].

Brame's new advisory guideline range is 57 to 71 months' imprisonment, based on a total offense level of 23 and a criminal history category of III. See Resentencing Report. Brame requests a 57-month sentence. See id.

The court has discretion to reduce Brame's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brame's sentence, the court finds that Brame engaged in serious criminal behavior. See PSR ¶¶ 6–8. The conspiracy took place for a prolonged period and involved approximately 179 grams of cocaine base (crack). See id. Brame is a validated member of the 9 Trey street gang within the United Blood Nation. Brame also has a prior convictions for possession of cocaine, resisting a public officer, simple affray, possession with intent to sell and deliver cocaine, and deliver cocaine. See id. ¶¶ 10–17. Brame also has a spotty work history. See PSR ¶¶ 30–33. Finally, Brame has taken some positive steps while incarcerated on his federal sentence, but did sustain a disciplinary infraction for allowing another inmate to use his phone account. See Resentencing Report; [D.E. 46] 5–6; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Brame received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

§ 3553(a). Further reducing Brame's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Brame's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Brame's motion for reduction of sentence [D.E. 60].

SO ORDERED. This 14 day of December 2017.

JAMES C. DEVER III
Chief United States District Judge